CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JAN 19 2006
JOHN F. CORCORAN, CLERK
BY: H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RICKY DARDEN, Petitioner, | Civil Action No. 7:06-cv-00018 |
| v. | **MEMORANDUM OPINION** |
| B.A. BLEDSOE, et al., Respondent. | By: Hon. Jackson L. Kiser Senior United States District Judge |

The petitioner, Ricky Darden, a federal inmate proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Upon review of the petition, the court concludes that Darden has failed to demonstrate entitlement to relief under § 2241, and that his petition must be construed and dismissed without prejudice as a successive motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255.

Darden is currently incarcerated at the United States Penitentiary in Lee County, Virginia. In 1996, the United States District Court for the District of Maryland sentenced Darden to life imprisonment for possessing with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a). Darden states that he previously challenged his conviction and/or sentence in a § 2255 motion filed in the District of Maryland. The motion was denied by the district court. In his present petition under § 2241, Darden asserts that he received ineffective assistance of counsel, that he was illegally sentenced to life imprisonment, and that his sentence must be vacated in light of the United States Supreme Court's decisions in Apprendi v. New Jersey, 530 U.S. 466 (2000); Blakely v. Washington, 542 U.S. 296 (2004); and United States v. Booker, 543 U.S. 220 (2005).

An inmate may not challenge the validity of his conviction or sentence in a § 2241

petition, unless a § 2255 motion is "inadequate or ineffective to test the legality of [the inmate's] detention." Swain v. Pressley, 430 U.S. 372, 381 (1977). The United States Court of Appeals for the Fourth Circuit has held that a § 2255 motion is inadequate and ineffective to test the legality of an inmate's detention only when the following three elements are shown:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate." See In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997).

Considering Darden's petition in light of the standard set forth in In re Jones, it is clear that he cannot proceed under § 2241. Darden has not pointed to any change in the substantive law associated with his conviction, and a review of current federal law shows that the conduct for which Darden is currently incarcerated continues to constitute a criminal offense. See 21 U.S.C. § 841(a).

Since Darden's claims cannot be addressed under § 2241, the court will construe his petition as a motion to vacate, set aside or correct sentence under § 2255. A § 2255 motion must be brought in the court that imposed the sentence. See 28 U.S.C. § 2255; Swain, 430 U.S. at 378. To file a second or successive § 2255 motion, a petitioner must receive pre-filing authorization from the appropriate court of appeals. See 28 U.S.C. §2255, ¶ 8. When a petitioner does not demonstrate that the court of appeals has authorized a second or successive § 2255 motion, the district court has no jurisdiction to consider the merits of the petitioner's

claims.

Although the court could transfer Darden's § 2255 motion to the District of Maryland, where he was sentenced, Darden's § 2255 motion is clearly successive. Darden admits that the sentencing court denied his previous § 2255 motion. Darden does not allege that he received pre-filing authorization from the United States Court of Appeals for the Fourth Circuit to file a successive § 2255 motion. Therefore, the court cannot find that transferring a clearly successive § 2255 motion to the sentencing court furthers the interests of justice or judicial economy. Accordingly, the court declines to transfer Darden's motion and dismisses it without prejudice.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

ENTER: This 19th day of January, 2006.

*[signature]*
Senior United States District Judge